**Ruben OROZCO–ALCALA; et al., Petitioners,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–71200.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 22, 2008.

Ruben Orozco–Alcala, pro se.

Lorena Orozco, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioners' motion to reconsider and to reopen removal proceedings.

Respondent's motion to dismiss will be construed as a motion for summary disposition in part.

We review the BIA's ruling on a motion to reopen and reconsider for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners' final administrative order of removal was entered on January 31, 2007. Petitioners' motion to reopen and reconsider was filed on October 31, 2007, more than 90 days after the date on which the final order of removal

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was entered. *See* 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen.

Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioner seeks review of the BIA's denial of his request to *sua sponte* reopen proceedings, this court lacks jurisdiction over this part of the petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss is granted in part.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.